| | | | |
|---|---|---|---|
| Case No. | **CV 18-1792-DMG (PJWx)** | Date | April 24, 2018 |
| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR AN ORDER REMANDING ACTION TO STATE COURT [9]**

On January 26, 2018, Plaintiff Ellen Evans filed a Complaint in Los Angeles County Superior Court against Wal-Mart Stores, Inc. and Does 1–25, wherein she alleges two causes of action for negligence and premises liability. Removal Notice, Ex. A [Doc. # 1-1]. On March 2, 2018, Wal-Mart removed the action, asserting that this Court has diversity jurisdiction under 28 U.S.C. section 1332 because Plaintiff is a California citizen, Defendant is a citizen of Delaware and Arkansas, and the amount in controversy exceeds $75,000. *See* Removal Notice at ¶¶ 1, 7–11 [Doc. # 1]. On March 20, 2018, Plaintiff filed a motion for leave to amend her Complaint to join a non-diverse party (*i.e.*, Synitria Ramirez) and for an order remanding the action to Los Angeles County Superior Court. [Doc. # 9.] The motion has since been fully briefed. [Doc. ## 10, 11.] The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having duly considered the parties' written submissions, the Court **GRANTS** Plaintiff's motion.

## I.
## FACTUAL BACKGROUND

Plaintiff alleges that on or about February 5, 2016, she patronized a Wal-Mart store located in Torrance, California. *See* Compl. at ¶ 5. Plaintiff claims that "she slipped on a clear gel-like substance on the floor, fell forward and hit her face and head[,]" causing her serious injury. *See id.* at ¶¶ 5, 8–9. According to the Complaint, Wal-Mart and Doe Defendants' negligence caused the unsafe condition to arise, and they negligently failed to warn her of it. *See id.* With regard to the Doe Defendants, Plaintiff avers that she was unaware of their true names and capacities when she filed the original Complaint. *See id.* at ¶ 2.

## II.
## DISCUSSION

Title 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." District courts have discretion under this statute to allow plaintiffs to join non-diverse defendants. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When exercising that discretion, courts consider six factors:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)).

The parties not only dispute whether these factors weigh in favor of granting Plaintiff's request for leave to amend, but also whether the Court should bar Plaintiff from amending her Complaint on the ground that her counsel discovered Ramirez's identity by violating California Rule of Professional Conduct 2-100.[1] *See* Opp'n at 9–10.[2] The Court addresses the second issue first.

---

[1] Wal-Mart also argues that Plaintiff failed to adequately meet and confer with Wal-Mart before filing this motion, and that Plaintiff did not specifically identify which portions of the proposed First Amended Complaint differ from the prior pleading. *See* Opp'n at 8–9. Because Plaintiff's motion has been fully briefed, the Court has a strong preference for ruling on the merits, and Wal-Mart was not prejudiced by Plaintiff's violations of the Local Rules and Initial Standing Order, the Court will not deny the motion on those grounds. Plaintiff is admonished, however, to comply with all Local Rules in the future or sanctions may be imposed.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1792-DMG (PJWx)** | Date | April 24, 2018 |
|---|---|---|---|
| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 3 of 7 |

### A. California Rule of Professional Conduct 2-100

California Rule of Professional Conduct 2-100 provides in pertinent part that, "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Cal. R. Prof'l Conduct 2-100(A).[3] The Rule defines a "party" as:

> (1) [a]n officer, director, or managing agent of a corporation or association, and a partner or managing agent of a partnership; or
> (2) [a]n association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Cal. R. Prof'l Conduct 2-100(B).

Here, Plaintiff's counsel attests that he "recently" discovered Ramirez's identity "when [his] associate contacted the Wal-Mart Store where the incident occurred and was informed by a customer service representative that the manager on duty at the time of the incident was SYNITRIA RAMIREZ." *See* Fradkin Decl. at ¶ 4 [Doc. # 9-2]. Wal-Mart asserts that Plaintiff's counsel contacted the store after Wal-Mart had informed them on February 13, 2018 that it was represented by counsel. *See* Opp'n at 6, 9–10; *see also* Weidinger Decl., Ex. 1 (Feb. 13, 2018 correspondence from Wal-Mart's counsel to Plaintiff's attorneys) [Doc. # 10-2]. Plaintiff counters in her reply brief (without any supporting evidence) that her attorneys discovered Ramirez's identity on February 9, 2018. Reply at 2.

On this record, it is unclear whether the "customer service representative" who disclosed Ramirez's identity was a "party" for the purpose of Rule 2-100(A), and whether Plaintiff's counsel knew at the time of his communication that Wal-Mart had retained counsel. Nonetheless, even if Plaintiff's counsel violated this Rule, barring Plaintiff from joining Ramirez would be unwarranted. The only authority Wal-Mart cites does not undermine this conclusion. *See* Opp'n at 9–10 (citing *S.F. Unified Sch. Dist. ex rel. Contreras v. First Student, Inc.*, 213 Cal. App. 4th 1212, 1232 (2013)). *First Student, Inc.* states that "[w]hen a trial court finds a violation of rule 2-100, its remedial powers are *limited to ameliorating effects* of the violation on the

---

[3] Local Rule 83-3.1.2 provides that the California Rules of Professional Conduct are applicable in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1792-DMG (PJWx)** | Date | April 24, 2018 |
|---|---|---|---|
| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 4 of 7 |

proceeding before it." *See First Student, Inc.*, 213 Cal. App. at 1230 (emphasis added). Because Plaintiff could have easily learned of Ramirez's identity through a proper discovery request, any violation of Rule 2-100(A) was harmless. If Wal-Mart believes that further remedial action is appropriate, it can report the matter to the California State Bar. *See First Student, Inc.*, 213 Cal. App. 4th at 1230 ("[T]he propriety of punishment for violation of the Rules of Professional Conduct is a matter within the purview of the State Bar, not of a court presiding over the affected case.")

**B.    Leave to Amend Under 28 U.S.C. § 1447(e)**

The Court next addresses whether the factors identified, *supra* Part II, weigh in favor of granting Plaintiff leave to add Ramirez as a party. For the reasons discussed in this section, they do.

### 1.    Whether Federal Rule of Civil Procedure 19(a) Would Require Ramirez's Joinder

Federal Rule of Civil Procedure 19(a) requires the joinder of a non-party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Under Rule 19, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015) (quoting *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (*per curiam*)) (internal quotation marks omitted). For that reason, this factor does not weigh in favor of granting Plaintiff's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1792-DMG (PJWx)** | Date | April 24, 2018 |
|---|---|---|---|
| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 5 of 7 |

### 2. Statute of Limitations

In California, a two-year statute of limitations governs personal injury claims. *See* Cal. Civ. Proc. Code § 335.1. Because Plaintiff's injury allegedly occurred on or about February 5, 2016, Compl. at ¶ 5, the statute of limitations on her claims against Ramirez expired on or about February 5, 2018. Thus, Plaintiff cannot file a separate lawsuit against Ramirez in state court.

On the other hand, if the Court permits Plaintiff to join Ramirez in the instant action, her claims against Ramirez would relate back to the date of the filing of her original Complaint (*i.e.*, January 26, 2018). Under Federal Rule of Civil Procedure 15(c), California law determines whether the amendment relates back to the date of the prior pleading. *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when: . . . the law that provides the applicable statute of limitations allows relation back[.]"). California Civil Procedure Code section 374 allows a plaintiff to: (1) name a Doe Defendant in an initial pleading if the plaintiff is "ignorant of the name of a defendant[,]" and (2) later amend the pleading to identify that defendant "when his true name is discovered[.]" *See* Cal. Civ. Proc. Code § 374. If a plaintiff complies with these requirements and files an amended pleading that is "based on 'the same general set of facts' as alleged in the original complaint[,]" then the date of the amendment relates back to the date of the original complaint. *See Gen. Motors Corp. v. Superior Court of L.A. Cty.*, 48 Cal. App. 4th 580, 595 n.14 (1996).

Here, Plaintiff's counsel attests that he "recently" learned of Ramirez's identity, *see* Fradkin Decl. at ¶ 4 [Doc. # 9-2], and Plaintiff intends to substitute Ramirez for one of the Doe Defendants.[4] *See* Mot. at 2. Moreover, Plaintiff's claims against Ramirez are predicated on the same alleged facts as the original Complaint—*i.e.*, the February 5, 2016 injury and Wal-Mart's alleged failure to properly maintain the premises and warn patrons of the gel-like substance on the floor. *See* Compl. at ¶¶ 5, 7; Proposed First Am. Compl. at ¶¶ 8, 10 [Doc. # 9-2]. Therefore, Plaintiff may assert her against Ramirez only if the Court allows Plaintiff to file her proposed First Amended Complaint. Consequently, this factor counsels in favor of her request.

### 3. Timeliness

Because Plaintiff sought leave to amend a mere 18 days after removal, her request is timely. *See, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (filing an

---

[4] Plaintiff's proposed First Amended Complaint brings suit against all of the twenty-five Doe Defendants who were named in the original Complaint. *Compare* Proposed First Am. Compl. at ¶ 5 [Doc. # 9-2], *with* Compl. at ¶ 2 [Doc. # 1-1]. Nonetheless, Wal-Mart does not contend that this minor (and easily remediable) technical defect precludes Plaintiff from utilizing California's Doe Defendant procedures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-1792-DMG (PJWx)** | Date | April 24, 2018 |
|---|---|---|---|
| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 6 of 7 |

amended complaint fewer than six weeks after the action was removed to federal court was timely under section 1447(e)).

### 4. Whether Joinder Is Intended Solely to Defeat Federal Jurisdiction

Plaintiff's counsel attests that he seeks to join Ramirez in order "to permit adjudication of this action in its entirety against all possibl[y] culpable parties." *See* Fradkin Decl. at ¶ 6.d. He further declares that "Plaintiff would have substituted SYNITRIA RAMIREZ in for the DOE defendant if this case was still in state court." *See id.* at ¶ 6.e. Therefore, Plaintiff has offered competent, uncontroverted evidence that the proposed amendment is not offered solely for the purpose of defeating this Court's jurisdiction.

### 5. The Validity of the Claims Against the New Defendant

Wal-Mart argues that Plaintiff has no valid claim against Ramirez because: (1) "[t]here is no indication [Ramirez] was involved in the incident," *see* Opp'n at 15; (2) any conduct Ramirez undertook within the course and scope of her employment was privileged, *see id.* at 13–14, and (3) California Labor Code section 2802 requires Wal-Mart to "defend or indemnify an employee who is sued by a third person for conduct in the course and scope of [Ramirez's] employment." *See id.* at 12–13.

Plaintiff alleges that both Ramirez and Wal-Mart had "custody and control" of the store, and that their negligent failure to properly maintain the building and warn Plaintiff of the unsafe condition caused her to suffer serious injury. *See* Proposed First Am. Compl. at ¶ 8 [Doc. # 9-2]. These allegations are plausible, given that Ramirez was "the manager on duty at the time of the incident . . . ." *See* Fradkin Decl. at ¶ 4 [Doc. # 9-2]. Further, they are sufficient to state negligence and premises liability claims against Ramirez. *See Kesner v. Superior Court of Alameda Cty.*, 1 Cal. 5th 1132, 1158 (2016) (internal quotation marks omitted) ("The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury. . . . [M]ere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act.").

Wal-Mart's next argument fares no better. The only authority Wal-Mart cites in support of its assertion that Ramirez's conduct was privileged is *McCabe v. General Foods Corp.*, 811 F.2d 1136 (9th Cir. 1987). *See* Opp'n at 13–14. Yet, the privilege discussed in *McCabe* applies only to advice that a manager provides to his or her employer. *See McCabe*, 811 F.2d at 1339 (emphasis added) (quoting *L.A. Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)) ("[I]t

is clear that 'if an *advisor* is motivated in part by a desire to benefit his principal,' his conduct is, under California law, privileged."). Since Plaintiff's claims against Ramirez do not arise out of any advice Ramirez offered to Wal-Mart, her alleged tortious conduct is not privileged.

Lastly, Wal-Mart's argument that it is obligated to indemnify Ramirez under California Labor Code section 2802 has no bearing on the validity of Plaintiff's claims. Wal-Mart fails to grasp the elementary difference between indemnification and liability. An employer's duty to indemnify an employee simply requires it to pay for any liability or expenditures incurred by the employee. *See Indemnify*, Black's Law Dictionary (10th ed. 2014). It in no way absolves the employee of tort liability to a third-party. *See Bock v. Hansen*, 225 Cal. App. 4th 215, 230 (2014) (internal quotation marks omitted) ("An agent or employee is always liable for his or her own torts, whether the principal is liable or not, and in spite of the fact that the agent acts in accordance with the principal's directions."). Accordingly, this factor counsels in favor of granting leave to amend.

### 6. Prejudice to Plaintiff

As discussed *supra* Part II.B.2, Plaintiff will be unable to pursue her claims against Ramirez in a separate state court action. Thus, she will be prejudiced if the Court denies her motion.

### III.
### CONCLUSION

In light of the foregoing, the Court issues the following ruling:

1. Plaintiff's motion is **GRANTED**;

2. Plaintiff shall file her proposed First Amended Complaint [Doc. # 9-2] **within three (3) days** of the date of this Order;

3. The Court will remand this action to Los Angeles County Superior Court after Plaintiff files her amended pleading; and

4. The April 27, 2018 motion hearing and scheduling conference are both **VACATED**.

**IT IS SO ORDERED.**