| Case No. | **CV 18-1792-DMG (PJWx)** | Date | May 1, 2018 |
|---|---|---|---|

| Title | *Ellen Evans v. Wal Mart Stores, Inc.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING THE ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 26, 2018, Plaintiff Ellen Evans filed a Complaint in Los Angeles County Superior Court against Wal-Mart Stores, Inc. and Does 1–25, wherein she alleged two causes of action for negligence and premises liability. Removal Notice, Ex. A [Doc. # 1-1]. On March 2, 2018, Wal-Mart removed the action, asserting that this Court has diversity jurisdiction under 28 U.S.C. section 1332 because Plaintiff is a California citizen, Defendant is a citizen of Delaware and Arkansas, and the amount in controversy exceeds $75,000. *See* Removal Notice at ¶¶ 1, 7–11 [Doc. # 1]. On May 1, 2018, Plaintiff Ellen Evans filed a First Amended Complaint ("FAC"), wherein she reasserts her two state-law causes of action and adds Synitria Ramirez as a Defendant. [Doc. # 15.]

Pursuant to 28 U.S.C. § 1332(a)(1), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000 and there is *complete* diversity of citizenship between the parties. *See Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Here, Wal-Mart has conceded that Plaintiff is a citizen of California. Removal Notice at ¶ 7. The FAC alleges that Ramirez is also a resident of California, FAC at ¶ 2, which is her presumptive state of citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his or] her state of domicile . . . ."); 13E Charles Alan Wright, Federal Practice & Procedure § 3612 (3d ed. 2017) ("It is assumed . . . that a person's current residence is also his domicile"). Since complete diversity of citizenship no longer exists, the Court **REMANDS** this action to Los Angeles County Superior Court. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**